# EXHIBIT A

# SUMMONS

IN THE STATE OF ILLINOIS, CIRCUIT COURT

☐ **Alias Summons**
Check if this is not the 1st Summons issued for this Defendant/Respondent.

**COUNTY:** Cook
*County Where You Are Filing the Case*

FILED
8/6/2025 8:46 AM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L000545
Calendar, Q
33890305

FILED DATE: 8/6/2025 8:46 AM  2025L000545

Enter the case information as it appears on your other court documents.

**PLAINTIFF/PETITIONER OR IN RE:** State of Illinois ex rel Lavery
*Who started the case.*   *First, Middle, and Last Name or Business Name*

**DEFENDANTS/RESPONDENTS:** North American Derivatives ~~X~~
*Who the case was filed against.*
Exchange, Inc. d/b/a Crypto.com
Derivatives North America
*First, Middle, and Last Name or Business Name*

**2025 L 00545**
*Case Number*

## The Defendant/Respondent named above has been sued. Read this form for information about how to respond to this lawsuit. Also see page 4 for next steps.

**For the person filling out this form: Read all instructions in this box.**

This *Summons* can only be used for certain types of cases. See the *How To Serve a Summons* Instructions for more information: ilcourts.info/summons-instructions.

Check 1 if this is a 30-day summons, or check 2 if this is a date certain summons. Fill in all the information in 1 or 2.

- Use a **date certain summons** if you are asking for money of $50,000 or less or recovery of your personal property that you think the Defendant has, and for some mandatory arbitration cases. In 2, fill in your court date and how to go to court. You may get the court date when you e-file or you may need to ask the Circuit Clerk's office.
- Use a **30-day summons** for most other case types.

Complete the rest of the form with the Defendant/Respondent's information and information about the lawsuit.
**If you are suing more than 1 Defendant/Respondent**, attach an *Additional Defendant/Respondent Address and Service Information* form for **each** additional Defendant/Respondent.



**☑ 1. 30-DAY SUMMONS**
To participate in this case, you must **file** your *Appearance* and *Answer/Response* forms with the court within 30 days after you are served with this *Summons* (not counting the day of service) by e-filing or at:

Court Address: 50 W. Washington, Chicago
*Courthouse Street Address*

**- or -**

**☐ 2. DATE CERTAIN SUMMONS**
Your court date is listed below. Information about getting a court date and how to attend is available from the Circuit Clerk. You can find their contact information at ilcourts.info/CircuitClerks.

To respond to this *Summons*, you must **attend court** in one of the ways checked below on:

_____ at _____ ☐ a.m. ☐ p.m. in _____.
*Month, Day, Year*            *Time*                                        *Courtroom Number*

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts. Forms are free at *ilcourts.info/forms*.
SU-S 1503.7                                           Page 1 of 6                                           (11/24)

Case Number: 2025 L 00545

**Going to Court for a Date Certain Summons**

Court dates may be in-person, remote, or a combination of in-person and remote.

☐ **In person** at: _____
          *Courtroom Address*      *Courtroom Number*

☐ **Remotely** (video or telephone)

    **By video conference** at: _____
          *Video Conference Website*

    Log-in information: _____
          *Video Conference Log-in Information, Meeting ID, Password, etc.*

    **By telephone** at: _____
          *Call-in Number for Telephone Remote Appearance*

To find out more about remote court options:

Phone: _____ or Website: _____
  *Circuit Clerk's Phone Number*      *Website URL*

**3. ADDITIONAL INFORMATION ABOUT THE LAWSUIT**

  a. I am asking for the following amount of money in my *Complaint/Petition*: $ _____.
        *(Enter 0 if you are not asking for money)*

  b. I am asking for the return of tangible personal property (items in the Defendant/Respondent's possession) in my *Complaint/Petition*.
    ☐ Yes  ☐ No

**4. DEFENDANT/RESPONDENT'S INFORMATION**

  a. Number of Defendants/Respondents being served:

    ☑ I am having 1 Defendant/Respondent served and their information is on this form below.

    ☐ I am having more than 1 Defendant/Respondent served. The first is listed below. I have attached *Additional Defendant/Respondent Address and Service Information* forms for the following number of additional Defendants/Respondents: _____.
        *Number*

  b. First Defendant/Respondent's **primary address/information** for service:

    Name: North American Derivatives Exchange, Inc. d/b/a Crypto.com Derivatives North America
    *First, Middle, and Last Name, or Business Name*

    Registered Agent's Name *(if you are serving the Registered Agent of a business)*:
    Illinois Corporation Service Co.
    *First, Middle, and Last Name*

    Street Address: 801 Adlai Stevenson Dr.
    *Street, Apt #*

    City, State, ZIP: Springfield, IL 62703
    *City    State    Zip*

    Telephone: _____  Email: _____

FILED DATE: 8/6/2025 8:46 AM  2025L000545

Case Number: 2025 L 00545

c. **Second address** for this Defendant/Respondent:
☐ I do **not** have another address where the Defendant/Respondent might be found.
☐ I have another address where this Defendant/Respondent might be found. It is:

Street Address: _____
*Street, Apt #*

City, State, ZIP: _____
*City*      *State*      *Zip*

Telephone: _____ Email: _____

d. **Person who will serve your documents on this Defendant/Respondent:**
☐ Sheriff in Illinois ☐ Special process server ☑ Licensed private detective
☐ Sheriff outside Illinois: _____
*County & State*

---

**PLAINTIFF/PETITIONER INFORMATION:**
*Enter your information below.*

Name **Chris Langone (attorney for Plaintiff)**
*First, Middle and Last Name*

Registered Agent's name, if any _____
*First, Middle and Last Name*

Street Address **205 N. Michigan, #205**
*Street, Apt #*

City, State, ZIP: **Chicago IL 60602**
*City*      *State*      *Zip*

Telephone: **(312) 720-9191** Email: **LangoneLaw@gmail.com**

Be sure to **check your email every day** so you do not miss important information, court dates, or documents from other parties.

---

🛑 The Circuit Clerk and officer or process server will fill in this section.

**To be filled in by the Circuit Clerk:**

Witness this Date: _____     Seal of Court

Clerk of the Court: 8/6/2025 8:46 AM Mariyana T. Spyropoulos

**To be filled in by an officer or process server:**

Date of Service: _____

*Fill in the date above and give this copy of the Summons to the person served.*

---

**Note to officer or process server:**
- If 1 is checked, this is a 30-day *Summons* and must be served within 30 days of the witness date.
- If 2 is checked, this is a date certain *Summons* and must be served at least 21 days before the court date, unless 3b is checked yes.
  - If 2 is checked **and** 3b is checked yes, the *Summons* must be served at least 3 days before the court date.
- Fill in the date above and give this copy of the *Summons* to the person served.
- You must also complete the attached *Proof of Service* form and file it with the court or return it to the Plaintiff.



Case Number: **2025 L 00545**

# WHAT'S NEXT

## NEXT STEPS FOR PERSON FILLING OUT THIS FORM:

When you file a lawsuit, you must notify the person or business you are suing of the court case by having the *Summons* and Complaint or Petition delivered to them. This is called "serving" them.

File your *Summons* and Complaint or Petition with the Circuit Clerk in the county where your court case should be filed. The Circuit Clerk will "issue" the *Summons* by putting a court seal on the form.

Have the sheriff or a private process server serve the *Summons* and a copy of the Complaint or Petition on the Defendant/Respondent. You cannot serve the *Summons* yourself.

 Learn more about each step in the process and how to file in the instructions: ilcourts.info/summons-instructions.



## NEXT STEPS FOR PERSON RECEIVING THIS DOCUMENT:

**You have been sued:**
- Read all documents attached to this *Summons*.
- All documents referred to in this *Summons* can be found at ilcourts.info/forms. Other documents may be available from your local Circuit Court Clerk's office or website.
- You may be charged filing fees, but if you cannot pay them, you can file an *Application for Waiver of Court Fees (Civil)*.
- When you go to court, it is possible that the court will allow you to attend the first court date in this case in-person or remotely by video or phone. Contact the Circuit Court Clerk's office or visit the Court's website to find out whether this is possible and, if so, how to do this.

**If Section 1 on page 1 of this *Summons* is checked (30-day summons):**
- You **must** file official documents called an *Appearance* and an *Answer/Response* with the court within 30 days of the date you were served with this *Summons*.
- If you do not file an *Appearance* and *Answer/Response* on time, the judge may decide the case without hearing from you. This is called "default." As a result, you could lose the case.
- After you fill out the necessary documents, you need to electronically file (e-file) them with the court. To e-file, you must create an account with an e-filing service provider. For more information, go to ilcourts.info/efiling. If you cannot e-file, you can get an exemption that allows you to file in-person or by mail.
- You should be notified of any future court dates.

**If Section 2 on page 1 of on this *Summons* is checked (date certain summons):**
- You **must** attend court on the date listed in Section 2 of this *Summons*.
- If you do not attend that court date, the judge may decide the case without hearing from you. This is called "default." As a result, you could lose the case.

**Need Help? ¿Necesita ayuda?**
- Call or text Illinois Court Help at 833-411-1121 or go to ilcourthelp.gov for information about going to court, including how to fill out and file documents.
- Llame o envíe un mensaje de texto a Illinois Court Help al 833-411-1121, o visite ilcourthelp.gov para obtener información sobre los casos de la corte y cómo completar y presentar formularios.
- You can also get free legal information and legal referrals at illinoislegalaid.org.
- If there are any words or terms that you do not understand, please **visit Illinois Legal Aid Online** at ilao.info/glossary. You may also find more information, resources, and the location of your local legal self-help center at: ilao.info/lshc-directory.

Case Number: 2025 L 00545

# PROOF OF SERVICE OF SUMMONS AND COMPLAINT/PETITION

IN THE STATE OF ILLINOIS, CIRCUIT COURT

☐ **Alias Summons**
*Check if this is not the 1st Summons issued for this Defendant/Respondent.*

**COUNTY:** Cook
*County Where You Are Filing the Case*

*Enter the case information as it appears on your other court documents.*

**PLAINTIFF/PETITIONER OR IN RE:** State of Illinois ex rel Lavery
*Who started the case.*  *First, Middle, and Last Name or Business Name*

**DEFENDANTS/RESPONDENTS:** North American Derivatives Exchange, Inc. d/b/a Crypto.com Derivatives North America
*Who the case was filed against.*
*First, Middle, and Last Name or Business Name*

2025 L 00545
**Case Number**

**STOP** Do not complete the rest of the form. **The sheriff or special process server will fill in the form.** Give them one copy of this blank *Proof of Service* form for each Defendant/Respondent who will be served.

My name is _____ and I state:
*Officer/Process Server First, Middle, Last Name*

## SERVICE INFORMATION

Defendant/Respondent: _____
*First, Middle, Last Name, or Business Name*

☐ I was not able to serve the *Summons* and Complaint/Petition on the Defendant/Respondent named above.

- or -

☐ I served the *Summons* and Complaint/Petition on the Defendant/Respondent named above as follows:

☐ **Personally** on the Defendant/Respondent:
☐ Male ☐ Female ☐ Non-Binary Approx. Age: _____ Race: _____
On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
Address, Unit#: _____
City, State, ZIP: _____

☐ On **someone else at the Defendant/Respondent's home** who is at least 13 years old and is a family member or lives there:
Name of person served: _____
*First, Middle, Last Name*
☐ Male ☐ Female ☐ Non-Binary Approx. Age: _____ Race: _____
On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
Address, Unit#: _____
City, State, ZIP: _____
and by sending a copy to this Defendant/Respondent in a postage-paid, sealed envelope to the above address on this date: _____.

Case Number: 2025 L 00545

☐ On the **Business's agent**: _____
                              *First, Middle, Last Name*
    ☐ Male ☐ Female ☐ Non-Binary Approx. Age: _____ Race: _____
    On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address, Unit#: _____
    City, State, ZIP: _____

## SERVICE ATTEMPTS

I made the following attempts to serve the *Summons* and Complaint/Petition on the Defendant/Respondent:

**First Attempt:** On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address, Unit#: _____
    City, State, ZIP: _____
    Other information about service attempt:
    _____
    _____
    _____

**Second Attempt:** On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address, Unit#: _____
    City, State, ZIP: _____
    Other information about service attempt:
    _____
    _____
    _____

**Third Attempt:** On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address, Unit#: _____
    City, State, ZIP: _____
    Other information about service attempt:
    _____
    _____
    _____

## SIGN

I certify under 735 ILCS 5/1-109 that:
1) everything in this document is true and correct, or I have been informed or I believe it to be true and correct, and
2) I understand that making a false statement on this form is perjury and has penalties provided by law.

Your Signature /s/ _____ Print Your Name _____

You are: ☐ Sheriff in Illinois         ☐ Special process server
       ☐ Sheriff outside Illinois: _____  ☐ Licensed private detective, license number: _____
                          *County and State*                                                          *License number*

**FEES:**
    Service and Return: $_____    Miles: $_____    Total: $_____

FILED DATE: 8/6/2025 8:46 AM  2025L000545

Law Division Motion Section Initial Case Management Dates for CALENDARS (A,B,C,D,E,F,H,R,X,Z) will be heard In Person.
All other Law Division Initial Case Management Dates will be heard via Zoom
For more information and Zoom Meeting IDs go to https://www.cookcountycourt.org/HOME?Zoom-Links?Agg4906_SelectTab/12
Court Date: <<CmsHearingStart>>

FILED
1/14/2025 1:57 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L000545
Calendar, Q
30966946

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION
COMMERCIAL CALENDAR

| | |
|---|---|
| THE STATE OF ILLINOIS, ex rel. Mark Lavery, | ) ) ) |
| Plaintiff-Relator, | ) ) FILED UNDER SEAL |
| v. | ) ) |
| NORTH AMERICAN DERIVATIVES EXCHANGE INC., using assumed name CRYPTO.COM DERIVATIVES NORTH AMERICA, | ) ) ) ) ) |
| Defendant. | ) ) |

## FALSE CLAIMS ACT COMPLAINT

### PARTIES

1. Plaintiff-Relator, Mark Lavery ("Relator"), is a citizen of Illinois and brings this action on behalf of the State of Illinois under the qui tam provisions of the Illinois False Claims Act, 740 ILCS 175/1 et seq.

2. Defendant North American Derivatives Exchange Inc. ("CDNA") is a Delaware corporation with a principal place of business in Chicago, Illinois and does business under the assumed named Crypto.com Derivatives North America using acronym CDNA. Defendant will be referred to CDNA hereafter.

### JURISDICTION AND VENUE

3. This Court has jurisdiction under the Illinois False Claims Act, 740 ILCS 175/1 et. seq., and the Illinois Constitution.

1

4. Venue is proper in Cook County because Defendant has a principal place of business in Cook County in Chicago, Illinois, conducts substantial business within Cook County and the alleged violations occurred, in part, in Cook County.

## INTRODUCTION

5. This case arises from a calculated scheme by CDNA to evade Illinois sports wagering fee and tax obligations through the deliberate misclassification of online gambling as financial products rather than sports wagering. By disguising its Sports Event Trading ("SET") contracts through misclassifying exchange wagering as "financial products", CDNA is intentionally avoiding tax and fee obligations mandated by Illinois law.

6. CDNA's actions constitute clear violations of the Illinois False Claims Act ("IFCA"), designed to deter and penalize entities that knowingly defraud the state by avoiding tax payments. This complaint seeks to hold CDNA accountable for its deceptive conduct and to recover damages and penalties owed to the State of Illinois.

7. The Illinois False Claims Act (ICFA) prohibits any individual or entity from knowingly avoiding an obligation to the State of Illinois.

8. Illinois law classifies "exchange wagering" and "proposition bets" on the outcome of sporting events as sports wagering and this law mandates licensure requirements and the obligation to remit applicable taxes on gambling revenues. See Illinois Sports Wagering Act (ISWA) at 230 ILCS 45/25-10.

9. CDNA offers exchange wagering on proposition bets on the outcome of the NFL Super Bowl also known as "The Big Game" and this conduct falls squarely within the scope of activities regulated under the ISWA and IFCA. See below images from https://crypto.com/us/sports on January 14, 2025.





## FACTUAL ALLEGATIONS

10. CDNA developed and offered so-called "Sports Event Trading" ("SET") contracts starting December 19, 2024, which allowed users to wager on the Super Bowl. These contracts disguise and misclassify traditional sports "exchange wagering" and "proposition bets" as defined under 230 ILCS 45/25-10 as "financial products."

11. Rather than classify these SET contracts as sports exchange wagering subject to the ISWA, CDNA intentionally misrepresented them as financial products to evade obligation to pay the Illinois Gaming Board as required by ISWA.

3

12. This misrepresentation is part of the CDNA scheme to avoid the licensing fees and gambling taxes mandated by Illinois law.

## SCIENTER FACTS

13. Defendant and Crypto.com CEO Kris Marszalek made misrepresentations on December 23, 2024, on crypto.com stating:

> While the first product of its kind, the sports event trading product is similar to other event contracts on cryptocurrency offered by Crypto.com | Derivatives North America, a CFTC-regulated exchange.
>
> "Sports Events Trading offers an entirely new platform for U.S. users to engage nationwide at Crypto.com and in the Crypto.com app," said Kris Marszalek, co-founder and CEO of Crypto.com. "This unique financial product allows users to trade their prediction on the outcome of a sports event. It's a fundamentally new concept for sports, and we're thrilled to be the first regulated platform in the U.S. to offer it to our users."

14. These statements by Defendant and Kris Marszalek made on December 23, 2024, on crypto.com were false and materially misleading and part of the CDNA misclassification scheme to deceive consumers and regulators into believing that its exchange wagering method of sports wagering on the Super Bowl was a "financial product" rather than truthfully disclosing that it is an online sports wagering platform.

15. Defendant has had knowledge since 2012 that state law gambling applies to this type of conduct, yet CDNA sought no licensure from the Illinois Gaming Board, indicating willful disregard for its obligation under state law.

16. CDNA when using the name Nadex previously had a CFTC investigation into Nadex's "Political Event Contracts." The CFTC ruled these contracts constituted gambling under the Commodity Exchange Act, directly linking event-based contracts to gambling regulations.

17. The CFTC explicitly warned in its order in 2012:

> "Several state statutes, on their face, link the terms gaming or gambling to betting..."

4

18. Travis McGhee worked for Nadex before the Crypto.com acquisition and therefore had direct involvement in developing and promoting Nadex event contracts and this demonstrates a deliberate strategy to continue misclassifying sports wagering as financial derivatives despite the 2012 CFTC order to Nadex which put it on notice that these types of contracts were subject to state gambling laws. Defendant never challenged the 2012 CFTC order.

19. This CDNA misclassification scheme has resulted in damages to Illinois due to Defendant's avoidance of paying fees and taxes mandated by ISWA to the Illinois Gaming Board.

20. By avoiding proper classification and regulatory compliance, Defendant damaged the State of Illinois and deprived the State of Illinois of substantial revenue of over $20 million.

## RELATOR'S STATUS AS ORIGINAL SOURCE

21. Relator independently investigated CDNA's SET offerings that disguised online sports wagering as financial products; independently investigated scienter of Defendant with respect to state gambling law obligations; uncovered Defendant's misclassification Illinois tax avoidance scheme independently; and voluntarily disclosed Defendant's tax avoidance misclassification scheme to the Illinois Gaming Board on January 9, 2025.

22. Relator's independent investigation involved reviewing evidence from sources outside of (1) a criminal, civil, or administrative hearing in which the state of Illinois is a party; (2) an Illinois state legislative, state auditor general, or other state report, hearing, audit, or investigation; or (3) the news media.

23. No source from: (1) a criminal, civil, or administrative hearing in which the state of Illinois is a party; or (2) Illinois state legislative, state auditor general, or other state report, hearing, audit, or investigation; or (3) the news media has disclosed that (1) Defendant is

5

knowingly and intentionally misrepresenting its sports wagering platform as a "financial product" due to its knowledge of the unchallenged 2012 CFTC Order to Nadex about gaming; (2) Defendant while operating in Cook County is knowingly misclassifying its online sports wagering conducted in Illinois as a "financial product" rather than sports exchange wagering in order to avoid paying fees and taxes to the Illinois Gaming Board and (3) Defendant's conduct has caused damages of over $20 million in lost fees and taxes obligated to the Illinois Gaming Board of the State of Illinois.

24. No other individual or entity publicly has disclosed information that is substantially the same as the allegations in this complaint and no other source has identified both (1) the knowingly misrepresented facts that Defendant offers "financial "products" on the Super Bowl and (2) the true facts that Defendant offers "exchange wagering" and "proposition bets" on the Super Bowl as defined by the ISWA in any disclosure before Relator's voluntary disclosure to Illinois Gaming Board qualifying Relator as an "original source" under 740 ILCS 175/4(e)(4)(A).

25. Relator has provided material assistance to the State of Illinois.

### VIOLATION OF THE ILLINOIS FALSE CLAIMS ACT
### Count I – Reverse False Claim
### Avoidance of Obligation to Pay the State (740 ILCS 175/3(a)(2))

26. Plaintiff incorporates allegations from paragraphs 1-25 and now brings what is called a "reverse false claim" cause of action against Defendant.

27. The appellate court analyzed a reverse false claim in *People ex rel. Lindblom v. Sears Brands, LLC*, stating the elements:

"To state an action for a reverse false claim, a relator must plead that the defendant (i) had an obligation to pay or transmit money to the State, (ii) concealed or avoided that obligation,

6

and (iii) acted knowingly. 740 ILCS 175/3(a)(1)(G) (West 2014). Under the Act, "a party 'knowingly' conceals or avoids an obligation to pay when it has 'actual knowledge' of the obligation, or 'acts in deliberate ignorance' or 'reckless disregard' of the obligation." National Business Furniture, 2016 IL App (1st) 150526, ¶ 29, 407 Ill. Dec. 139, 62 N.E.3d 1061 (quoting 740 ILCS 175/3(b)(1)(A)(i)-(iii) (West 2010) ). There is no requirement that a defendant concealing or avoiding a payment to the State must make a false statement or record to come within the purview of the Act. 2019 IL App (1st) 180588, at ¶ 29 (Ill. Ct. App. 2019).

28. Defendant's obligation to pay money to the State of Illinois is imposed by 230 ILCS 45/25-20, which states in relevant part:

> No person may engage in any activity in connection with sports wagering in this State unless all necessary licenses have been obtained in accordance with this Act and the rules of the Board and the Department.... No person or entity may engage in a sports wagering operation or activity without first obtaining the appropriate license. ISWA, 230 ILCS 45/25-20 (emphasis added). In this case, the appropriate license is a "master sports wagering license.

230 ILCS 45/25-45.

29. The words "unless" and "first obtaining," clearly and unambiguously require an applicable license as a mandatory pre-requisite – i.e., an obligation – before engaging in any activity in connection with sports wagering.

30. To obtain a license in accordance with the ISWA, an operator must pay, "a nonrefundable license fee of $20,000,000." ISWA, 230 ILCS 45/25-45.

31. "Wager" is defined in the ISWA as "a sum of money or thing of value risked on an uncertain occurrence." ISWA, 230 ILCS 45/25-10.

32. "'Sports wagering' means accepting wagers on sports events or portions of sports events, or on the individual performance statistics of athletes in a sports event or combination of sports events, by any system or method of wagering, including but not limited to, in person or

7

over the Internet through websites and on mobile devices. "Sports wagering" includes, but is not limited to, single-game bets, teaser bets, parlays, over-under, moneyline, pools, *exchange wagering*, in-game wagering, in-play bets, *proposition bets*, and straight bets." ISWA, 230 ILCS 45/25-10 (emphasis added)

33. Defendant offers proposition bets on the Super Bowl through an exchange wagering method of sports wagering on crypto.com and using the crypto.com app.

34. Since December 19, 2024, Defendant is offering online exchange wagering on the outcome of the Big Game also known as the National Football League Super Bowl.

35. "[S]ports wagering is only lawful when conducted in accordance with the provisions of this Act and the rules of the Illinois Gaming Board and the Department of the Lottery." 230 ILCS 45/25-25(a)

36. Defendant has knowingly avoided its obligation to pay a $20 million licensing fee and 15% taxes on adjusted gross receipts required under the ISWA. 230 ILCS 45/25-20

37. That obligation requires payment of a $20 million nonrefundable fee before engaging in online sports wagering. See 230 ILCS 45/25-45

38. Defendant knowingly and improperly avoided its legal obligations under the ISWA including the obligation to pay $20 million to the State of Illinois.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff-Relator, MARK LAVERY, on behalf of the State of Illinois, respectfully requests that this Court enter judgment against Defendant NORTH AMERICAN DERIVITIVE EXCHANGE INC. using the assumed name Crypto.com Derivatives North America and award the following relief:

A. Treble damages for the State of Illinois for damages as provided by 740 ILCS 175/3(a) in an amount in excess of $60 million.

8

B. Civil penalties of $11,463 to $22,927 for each month from December of 2024 until judgment while Defendant continues offering sports wagering while avoiding paying fees and taxes to the Illinois Gaming Board during that month.

C. Costs, expenses, and reasonable attorneys' fees incurred in bringing this action.

D. An appropriate Relator's share of the recovery, pursuant to 740 ILCS 175/4(d).

E. Any further relief this Court deems just and proper.

Respectfully Submitted,

/s/ Christopher V. Langone
One of the Attorneys for Plaintiff

Christopher V. Langone
205 N. Michigan Ave., Suite 810
Chicago, IL 60601
312-720-9191
chris@langonelaw.com
Atty No. 42221

Cory Aronovitz
Casino Law Group
203 N. La Salle, #2104
Chicago, IL 60601
(312) 504-6154
caronovitz@casinolawgroup.com